On appellants - cross-respondents' petition for reconsideration filed November 10, reconsideration granted, former opinion (48 Or App 945, 619 P2d 1359) adhered to December 8, 1980

## ASHMUN, et al,
*Respondents - Cross-Appellants,*
*v.*
## G AND H RANCHES, INC., et al,
*Appellants - Cross-Respondents.*

(No. 79-323, CA 16548)

619 P2d 1359

George T. Gant, and McNutt, Gant, Ormsbee, Corrigall & Gould, Coos Bay, for petition.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

In our original opinion in this case, we concluded that plaintiffs' motion for a directed verdict fairly raised the general legal question of whether their asserting a landlord's lien on all of defendants' personal property on the leased premises constituted a conversion of that property. We held that it did not and that the motion should have been granted.

In defendants' petition for reconsideration, they point out that plaintiffs' motion excluded the hay which, counsel stated, presented a separate question. That observation is correct, but the reason (which we did not discuss) was that there was a dispute as to the ownership of the hay, which was a jury question. It is clear, however, that the legal question raised was applicable to any property of the defendants over which the plaintiffs asserted a landlord's lien. The court understood the issue in that context and denied the motion on the ground that whether there was a conversion of any of the property was a jury question.

The case was submitted to the jury under instructions that if they found that defendants owned the hay or other property on the ranch, and that plaintiffs exercised dominion over that property inconsistent with defendants' rights to that property, there would be a conversion. That theory was defendants', whereas plaintiffs contended that assertion of the landlord's lien did not, as a matter of law, constitute a conversion. That question of law was fairly raised both on plaintiffs' motion for directed verdict and on motion for judgment n.o.v., and plaintiffs' appeal was from the denial of both motions. Concededly, there was confusion with respect to the ownership of the hay, but the same rule of law was applicable to all of the property defendants claim was converted.

It was not until plaintiffs moved for judgment n.o.v. that defendants advanced the theory that even if the assertion of the lien was not a conversion, the sale of the hay without complying with the foreclosure statute was a conversion. That contention prompted footnote 2 to our original opinion, which would have been more appropriately directed to defendants' opposition to the motion for

judgment n.o.v. Defendants now contend that the sale of any bale of hay constituted a conversion of all of the hay, and if that were the law defendants would prevail. The authorities cited do not support that proposition, and we reject it — at least as applied to the facts of this case.

Reconsideration granted. Former opinion adhered to.